1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN R CARLSON,                          No.  2:16-cv-1484-CKD

12                 Plaintiff,

13          v.                                   ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                   Defendant.
16

17

18          Plaintiff Steven R. Carlson seeks judicial review of a final decision by the Commissioner

19   of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security

20   Income ("SSI") under Title XVI of the Social Security Act ("Act").[1]  In his motion for summary

21   judgment, plaintiff principally argues that the ALJ's decision "lacks the support of substantial

22   evidence and is a result of legal error."  (ECF No. 21 at 4.)  The Commissioner opposed

23   plaintiff's motion and filed a cross-motion for summary judgment.  (ECF No. 26.)

24          After carefully considering the record and the parties' briefing, the court DENIES

25   plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for

26   summary judgment, and AFFIRMS the Commissioner's final decision.

27   _____

28   [1] Both parties have consented to this court's jurisdiction.  ECF Nos. 7 and 8.

                                                    1

I.      BACKGROUND

Plaintiff was born on August 19, 1963; he has completed high school and one year of college; and he has previously worked as an exterminator and a carpet layer.[2] (Administrative Transcript ("AT") 24, 33, 131.) On November 6, 2012, plaintiff applied for SSI, alleging that his disability began on the same date. (AT 9, 23.) Plaintiff claimed that he was disabled due to left subtalar dislocation (ankle injury) and compacted calcaneal (heel bone) fracture. (AT 43.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on October 1, 2014. (AT 21–41.) The ALJ subsequently issued a decision dated November 24, 2014, determining that plaintiff had not been under a disability as defined in the Act, from November 6, 2012, the date the application was filed, through the date of the ALJ's decision. (AT 9–16.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 25, 2016. (AT 1–3.) Plaintiff subsequently filed this action on June 29, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.     ISSUES PRESENTED

On appeal, plaintiff raises the issue whether the ALJ improperly discounted plaintiff's credibility. (ECF No. 21 at 4.)

III.    LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

Cir. 2007), quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.    DISCUSSION

A.    Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[3]  At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since November 6, 2012, the date of his application.  (AT 11.)  At step

_____

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id.</u>

3

two, the ALJ found that the plaintiff "has the following severe impairments:  Osteoarthrosis and Allied Disorders; Fracture(s) of Lower Extremities; Other and Unspecified Arthropathies; Dysfunction – Major Joints."  (Id.)  However, at step three the ALJ concluded that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."  (Id.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC, finding that plaintiff could "perform light work as defined in 20 C.F.R. § 416.967(b) with the following additional limitations:  can never engage in foot control operation with the left foot; can never climb ladders, ropes, or scaffolds."  (Id.)  At step four the ALJ determined that plaintiff "is unable to perform any past relevant work."  (AT 14.)  However, at step five the ALJ found that, in light of plaintiff's age, education, work experience, RFC, and the vocational expert's ("VE") testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed.  (AT 15.)

Thus, the ALJ concluded that plaintiff "has not been under a disability, as defined in the Social Security Act, since November 6, 2012, the date the application was filed."  (AT 16.)

B.    Plaintiff's Substantive Challenges to the Commissioner's Determinations

Plaintiff argues that "the ALJ's decision must be reversed because it lacks substantial evidence and is a result of legal error."  (ECF No. 21 at 4.)  Specifically, plaintiff asserts that "the ALJ failed to articulate sufficient reasons to find Mr. Carlson not credible."  (Id.)

In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit Court of Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking. . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains.'" Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id. at 959.

As an initial matter, the court notes that the ALJ did not entirely discredit plaintiff's allegations of functional limitations due to his left ankle injury. Indeed, the ALJ limited plaintiff to never engaging in foot control operation with the left foot and never climbing ladders, ropes, or scaffolds. (AT 11.) Nevertheless, to the extent that the ALJ discounted plaintiff's testimony regarding his symptoms and functional limitations, the ALJ provided several specific, clear, and convincing reasons for doing so. The ALJ reasoned as follows:

> Credibility is reduced by several factors. For example, . . . the claimant has engaged in a somewhat normal level of daily activity and interaction. During the hearing, the claimant admitted activities of daily living including driving and using a lawn mower. He plays Frisbee with his dog. Ex 12F/5 Although . . . [his] activities of daily living were somewhat limited, some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment and are inconsistent with the presence of

5

an incapacitating or debilitating condition. The claimant's ability to participate in such activities undermined the credibility of the claimant's allegations . . . Moreover, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute the degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively benign medical evidence and other factors discussed in this decision. . . .

Finally, the credibility . . . is diminished because those allegations are greater than expected in light of the objective evidence of record. The medical evidence indicates that claimant received routine conservative treatment for the impairments. Moreover, the positive objective clinical and diagnostic findings since the alleged onset date detailed below do not support more restrictive functional limitations than those assessed herein.

(AT 12.) In sum, the ALJ discounted plaintiff's testimony because it was inconsistent with: his daily activities; the objective medical evidence; and his course of conservative treatment.

1.      *Daily Activities*

Substantial evidence supports the ALJ's finding that plaintiff's daily activities are inconsistent with his allegations of disabling symptoms and limitations. (AT 12.)

"While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. . . Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13 (citations and quotation marks omitted); see also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly considered claimant's ability to care for her own needs, cook, clean, shop, interact with her nephew and boyfriend, and manage her finances and those of her nephew in the credibility analysis); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ's determination regarding claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his friend's child" was a specific finding sufficient to discredit the claimant's credibility).

Here, the record demonstrates that plaintiff still drives (AT 36); plays Frisbee with his dog (AT 312); mows his law and works in the yard (AT 30–31); and helps with home remodeling (painting) (AT 33).

To be sure, the record also contains some contrary evidence, such as plaintiff's need to raise his leg to alleviate pain twice during the day, suggesting that plaintiff's activities are more limited. (AT 28.) However, it is the function of the ALJ to resolve any ambiguities, and the court finds the ALJ's assessment to be reasonable and supported by substantial evidence. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (affirming ALJ's credibility determination even where the claimant's testimony was somewhat equivocal about how regularly she was able to keep up with all of the activities and noting that the ALJ's interpretation "may not be the only reasonable one"). As the Ninth Circuit explained:

> It may well be that a different judge, evaluating the same evidence, would have found [the claimant's] allegations of disabling pain credible. But, as we reiterate in nearly every case where we are called upon to review a denial of benefits, we are not triers of fact. Credibility determinations are the province of the ALJ. . . . Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.

Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

### 2. *Objective Medical Evidence*

"[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citing Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)). Although lack of medical evidence cannot form the sole basis for discounting plaintiff's subjective symptom testimony, it is nevertheless a relevant factor for the ALJ to consider. Burch, 400 F.3d at 681.

Here, the ALJ's conclusion that the objective medical evidence undermined plaintiff's credibility is supported by substantial evidence. The ALJ specifically relied on objective evidence in the record that in January 2010, plaintiff was able to ambulate symmetrically when working on his home exercise program (AT 183); that post surgery plaintiff repeatedly demonstrated good range of motion in his left ankle (AT 253, 257, 260); that post surgery his left Achilles tendon remained flexible (AT 253, 257, 260); and that in April 2013, Paul J. Braaton M.D. found plaintiff's hindfoot in good position with only mild tenderness over the

calcaneocuboid joint, and only mild to moderate tenderness over the lateral ankle (AT 312). (See 12–14.) Therefore, the objective evidence the ALJ relied on was a relevant factor in her credibility determination. See Burch, 400 F.3d at 681.

### 3. *Conservative Treatment*

Plaintiff's relatively conservative treatment was also a proper consideration. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (reasoning that a favorable response to conservative treatment undermines complaints of disabling symptoms); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

The ALJ specifically relied on the conservative treatment plaintiff received to discount his credibility. (See AT 12.) While plaintiff had surgery on his left foot on May 6, 2011 due to a crush injury he received on the job (AT 319), he received conservative treatment thereafter, suggesting that his symptoms were not as severe as alleged. For example, the record shows that plaintiff was treated with motion-control rocker bottom shoes. (AT 322, 254.) The record also shows that plaintiff received steroid injections from Dr. Braaton for pain. (AT 312–13.) While Dr. Braaton suggested that plaintiff may need more aggressive treatment in the future (AT 313), the records do not reveal any such treatment. Furthermore, in addition to determining credibility, the ALJ is responsible for resolving any ambiguities. See Edlund, 253 F.3d at 1156. Thus, the ALJ's conclusion that plaintiff's conservative treatment undermined his credibility is supported by substantial evidence in the record.

### 4. *Improper Reasons*

Plaintiff also argues that the ALJ relied on an improper reason to discount plaintiff's credibility when the ALJ pointed to inconsistencies between the plaintiff's subjective complaints and the ALJ's RFC determination. (ECF No. 21 at 12.) Plaintiff asserts that the RFC determination is the end result of an ALJ's analysis and cannot be used as a starting point against which to measure the credibility of a plaintiff. (See Id.) However, a careful reading of the ALJ's reasoning demonstrates that the ALJ was not using the RFC determination as a starting point in

8

her analysis.  (See AT 11–14.)  The ALJ's exact words in question are:

> Thus after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(AT 12.)  Importantly, this statement only comes after the ALJ has explained her other reasons for discounting plaintiff's credibility, each of which are analyzed above.  (See AT 12.)  Therefore, this statement was not an improper reason for discrediting plaintiff's credibility.  Rather, it was a sentence that the ALJ used to conclude her reasoning.

In any event, even if this were an improper reason that the ALJ relied upon, the error is harmless because the ALJ provided several other valid reasons for only partially crediting plaintiff's testimony.  See Molina, 674 F.3d at 1115 (harmless error when ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record).[4]

V.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for summary judgment (ECF No. 21) is DENIED.

2.    The Commissioner's cross-motion for summary judgment (ECF No. 26) is GRANTED.

3.    The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4.    The Clerk of Court is ordered to close this case.

Dated:  August 29, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ss.16-1484.carlson.order re MSJ

---

[4] Plaintiff also argues that this matter should be remanded for an award of benefits.  (ECF No. 21 at 13–14.)  Yet, as explained above, there are no grounds to reverse the ALJ's decision. Therefore, there are no grounds to remand this case for an award of benefits.